**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1374

MIHRET Y. TEWELDE,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A75-367-931)

Argued: September 28, 2004          Decided: November 23, 2004

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** David Allen Garfield, Washington, D.C., for Petitioner. Cindy S. Ferrier, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent. **ON BRIEF:** Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wendtland, Assistant Director, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mihret Y. Tewelde petitions this court for review of the denial of her applications of asylum from Eritrea, asylum from Ethiopia, and withholding of removal to Ethiopia. The Board of Immigration Appeals (BIA) denied her applications, and Tewelde now seeks review of the adverse rulings. For the reasons that follow, we deny the petition for review.

## I.

Tewelde was born in 1969 in the part of Ethiopia that is now known as Eritrea. Tewelde claims that she is a native and citizen of Eritrea and faced persecution there because of her religious beliefs as a Jehovah's Witness. In 1996, Tewelde lived in Ethiopia for approximately five months, obtained a valid Ethiopian passport and exit visa, and traveled to the United States.

Tewelde entered the United States as a non-immigrant visitor for pleasure and later filed an application for asylum and withholding of removal. The INS referred Tewelde's case to an Immigration Judge by filing a Notice to Appear charging Tewelde with removability for having overstayed her visa. Tewelde conceded removability and renewed her request for asylum and withholding of removal, arguing that she had a well-founded fear of persecution in Ethiopia and Eritrea based on her religious beliefs. The

2

Immigration Judge denied relief and ordered Tewelde's removal but granted voluntary departure.

On appeal from the Immigration Judge's decision, the BIA granted withholding of removal to Eritrea based on Tewelde's religious beliefs as a Jehovah's Witness and the current country conditions in Eritrea. Although Tewelde met the higher threshold for withholding of removal to Eritrea, the BIA denied Tewelde's asylum claim, apparently finding it barred by her firm resettlement in Ethiopia. With regard to Tewelde's claims of asylum and withholding of removal to Ethiopia, the BIA determined that Tewelde could safely return to Ethiopia.[1] Ultimately, the BIA granted Tewelde's request for withholding of removal to Eritrea but dismissed Tewelde's challenges to the Immigration Judge's orders concerning Ethiopia.

Along with her petition for review filed in this Court, Tewelde filed a Motion to Reconsider Dismissal of Appeal with the BIA. Tewelde attached new evidence to the motion to reconsider both denying that she was firmly resettled in Ethiopia and rebutting the 2001 Report on the safe conditions in Ethiopia. The BIA denied the motion under the standards applicable both to motions to reconsider and to motions to reopen. Tewelde did not

_____

[1]In making its decision, the BIA took administrative notice of The Department of State's 2001 Country Report on Human Rights Practices in Ethiopia, which states that the Ethiopian government no longer deports Eritrean Jehovah's Witnesses facing religious persecution in Eritrea.

3

file a petition for review of that order; therefore, Tewelde's petition for review before this Court involves only the BIA's denials of her applications for asylum from Eritrea, asylum from Ethiopia, and withholding of removal to Ethiopia.

II.

Under the Immigration and Nationality Act (INA), the Attorney General has authority to confer asylum on any refugee. 8 U.S.C. § 1158(b). To qualify as a refugee pursuant to the INA, an alien must be unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The "well-founded fear of persecution" standard contains both subjective and objective components. Chen v. INS, 195 F.3d 198, 201 (4th Cir. 1999). To satisfy the subjective component, an applicant must "present[] candid, credible, and sincere testimony demonstrating a genuine fear of persecution." Id. (internal quotations omitted). The objective component requires "specific, concrete facts that a reasonable person in like circumstances would fear persecution." Id. at 202. The applicant for asylum bears the ultimate burden of proving her status as a refugee. 8 C.F.R. § 1208.13(a) (2004). The applicant will be barred from asylum,

4

however, if she has "firmly resettled in another country prior to arriving in the United States."  8 U.S.C. § 1158(b)(2)(A)(vi).

To qualify for withholding of removal, an applicant must demonstrate a "clear probability of persecution."  INS v. Stevic, 467 U.S. 407, 430 (1984).  This is a more stringent standard than that for asylum.  Chen, 195 F.3d at 205.  Unlike the grant of asylum where an alien is entitled to remain in the United States, withholding of removal merely bars the deportation of an alien to a particular country.  INS v. Aguirre-Aguirre, 526 U.S. 415, 419 (1999).  Further, while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory.  Id. at 420.

## III.

Our review of an administrative decision regarding an order of removal is limited to the "administrative record on which the order of removal is based."  8 U.S.C. § 1252(b)(4)(A) (2004).  Further, we give great deference to the factual findings by the BIA, as those factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  Id. § 1252(b)(4)(B).  For this reason, the substantial evidence test for review of the BIA's conclusions mandates affirmance if the evidence is not "so compelling that no reasonable factfinder could" agree with the BIA's factual conclusions.  Huaman-Cornelio v. BIA,

979 F.3d 995, 999 (4th Cir. 1992). We must apply the substantial evidence test in turn to Tewelde's claims of asylum from both Eritrea and Ethiopia and withholding of removal to Ethiopia.

For Tewelde's claim of asylum from Eritrea, the BIA found that asylum was barred by Tewelde's "firm resettlement" in Ethiopia. See 8 U.S.C. § 1158(b)(2)(A)(vi). In support of this conclusion, the BIA recognized that Tewelde obtained a valid Ethiopian passport and exit visa, lived in Ethiopia for five months without incident, and was a citizen or national of Ethiopia. Tewelde now argues that she falls within a narrow exception to the "firm resettlement" bar, claiming that the Ethiopian passport was fraudulently obtained and was one of mere convenience with which to flee the country. 8 C.F.R. § 1208.15 (2004). In reviewing the evidence on record before the BIA at the time of its decision, we conclude that substantial evidence supports the BIA's conclusions that Tewelde was firmly resettled in Ethiopia. The conclusion is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (internal quotation marks omitted). Further, the evidence on the administrative record for review is insufficient to compel a conclusion otherwise. Huaman-Cornelio, 979 F.3d at 999.

In its decision regarding Tewelde's claims of asylum and withholding of removal to Ethiopia, the BIA found that Tewelde could safely return to Ethiopia. As the basis of this finding, the

6

BIA took administrative notice of the 2001 Country Report prepared by the Department of State.[2]  This document reveals that conditions for Eritreans in Ethiopia significantly improved after Ethiopia and Eritrea signed a cessation of hostilities agreement in 2000.  We believe that this report constitutes substantial evidence that the Ethiopian government was no longer deporting Jehovah's Witnesses who might face religious persecution in Eritrea.[3]  In reviewing the administrative record on which the order of removal is based, we find insufficient evidence to compel a finding of the requisite "fear of persecution" under the asylum standard.  Id.

_____

[2]As the BIA took administrative notice of a report that had not been released at the time the briefs of the parties were submitted and there was no oral argument, Tewelde claims that she was denied due process because she lacked the opportunity to rebut the report.  Indeed, the report was first raised in the BIA's order.  However, Tewelde did have the opportunity to rebut the Report in her motion to reconsider filed after the BIA's decision.  A motion to reconsider provides an opportunity to rebut sufficient to satisfy due process.  See Gebremichael v. INS, 10 F.3d 28, 38 (1st Cir. 1993); Gutierrez-Roque v. INS, 954 F.2d 769, 773 (D.C. Cir. 1992); Rivera-Cruz v. INS, 948 F.2d 962, 968 (5th Cir. 1991); Kaczmarczyk v. INS, 933 F.2d 588, 596-97 (7th Cir. 1991); but see Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir. 1992) (holding that a motion to reopen is not adequate to satisfy due process).

[3]To the extent that Tewelde challenges the BIA's reliance on the Report, she has waived this argument by not appealing the BIA's denial of her motion to reconsider.  See 8 U.S.C. § 1252(b)(6) (contemplating two filings for consolidation); see also Stone v. INS, 514 U.S. 386, 393-95 (1995) (construing the predecessor statute § 1105a(a)(6) to require two filings).

IV.

For the foregoing reasons, we deny Tewelde's petition to review the BIA's decision to deny asylum with respect to Eritrea and Ethiopia, as well as its decision to withhold removal to Ethiopia.

<u>PETITION FOR REVIEW DENIED</u>